UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,          )<br>                              )<br>         Petitioner,          )<br>                              )<br>     v.                       )<br>                              )<br>JEANNE WOODFORD, et al.,      )<br>                              )<br>         Respondents.         )<br>_____) | 1:05-cv-01204-OWW-TAG HC<br><br>REPORT AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DENYING PETITIONER'S MOTION TO SUPPRESS EVIDENCE (Doc. 8)<br><br>ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM (Doc. 9) |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 23, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1). The petition seeks monetary relief related to actions taken by the California Department of Corrections and Rehabilitation ("CDCR") while Petitioner has been confined in state prison. On December 30, 2005, Petitioner filed a motion to suppress evidence, seeking an order that CDCR return certain items of personal property taken during a search of Petitioner's cell. (Doc. 8). On July 24, 2006, Petitioner filed a petition for writ of habeas corpus ad testificandum, seeking an order from this Court directing the CDCR to transport Petitioner to be present at all court proceedings in this case. (Doc. 9).

**DISCUSSION**

A. <u>The Petition for Writ of Habeas Corpus</u>

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears

from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution ...." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-142 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

      In this case, the petition for writ of habeas corpus (Doc. 1) asserts that prison staff have acted "in concert to retaliation and reckless criminal actions on and against Petitioner causing him injury...." (Doc. 1, p. 10). Specifically, Petitioner contends that prison personnel have opened his mail, withheld items to which he is entitled, committed unauthorized acts of violence against him, and seized personal property. (Id. at pp. 12-14). Petitioner seeks from this Court a declaration of rights in favor of Petitioner, and issuance orders granting the petition for writ of habeas corpus, prohibiting further misconduct against Petitioner by CDCR employees, directing payment of $720 in restitution for wrongfully seized property, awarding attorney's fees to Petitioner, and transferring Petitioner "to a state prison in California under federal jurisdiction" for the remainder of Petitioner's term of imprisonment. (Id. at p. 29).

      From the foregoing, it is apparent that Petitioner is not proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and is challenging the circumstances–not the fact--of his confinement. Indeed, in his petition, Petitioner expressly invokes the civil rights jurisdiction of this Court pursuant to 42 U.S.C. § 1983. (Doc. 1, p. 9). Thus, the Court concludes that Petitioner is attempting to proceed with a civil rights claim under § 1983, not with a habeas corpus petition under § 2254. Accordingly, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

B. <u>Motion to Suppress</u>

Petitioner contends that CDCR employees confiscated his "personal non-expendable property, appliances, accessories and jewelry valued at $872 dollars." (Doc. 8, p. 1). Petitioner asserts that the items were lawfully purchased by his family through the California State Prison's Vending Services. (<u>Id.</u> at p. 4). Petitioner contends that the items were confiscated in violation of his federal due process rights. (<u>Id.</u> at p. 2). Petitioner seeks an "undisclosed amount" in damages as a result of this alleged constitutional violation. (<u>Id.</u> at p. 59).

For the same reasons set forth in the previous section, these are not habeas claims but are more properly brought as claims under 42 U.S.C. § 1983. The Court's habeas jurisdiction does not extend to claims of monetary damages for actions undertaken by CDCR during the course of Petitioner's confinement. Thus, the Court will deny Petitioner's motion to suppress as being outside the Court's habeas jurisdiction.

C. <u>Petition for Writ of Habeas Corpus Ad Testificandum</u>

Petitioner also seeks an order from this Court requiring the CDCR to produce Petitioner at any court hearings in this case. In the normal course of habeas proceedings, should the Court order an evidentiary hearing, it would make arrangements for issuance of such a petition for writ of habeas corpus ad testificandum to ensure Petitioner's attendance at the evidentiary hearing.

However, the Court has not ordered such an evidentiary hearing; therefore, Petitioner's motion is premature. Moreover, because the Court is recommending that the underlying petition be dismissed as outside the habeas jurisdiction of the Court, it is unlikely such an evidentiary hearing will take place in this case. Accordingly, the Court will deny Petitioner's motion as premature.

**ORDERS**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner's Motion to Suppress (Doc. 8), is DENIED;

2. Petitioner's Petition for Writ of Habeas Corpus Ad Testificandum (Doc. 9), is DENIED as PREMATURE.

///

///

**RECOMMENDATION**

Additionally, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED because the Petition does not allege grounds that would entitle Petitioner to habeas corpus relief. The Court further RECOMMENDS that the Clerk of Court be DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

This Report and Recommendation is submitted to the District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 6, 2006**                                  **/s/ Theresa A. Goldner**
**j6eb3d**                                                                       UNITED STATES MAGISTRATE JUDGE